**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Shaka Wilson,

Petitioner,

v.

United States of America,

Respondent.

_______________________________/

Case No. 23-cv-11833

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

**OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS [1]**

Shaka Wilson filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on behalf of her brother, Ken Kenyatta Wilson. (ECF No. 1.) Mr. Wilson was charged with federal criminal offenses in 2021. (*See* Indictment, *United States v. Wilson*, Case No. 21-cr-20283 (E.D. Mich. Apr. 28, 2021), ECF No. 1.) In February 2022, the Court determined that Mr. Wilson's mental condition prevented him from being tried on the pending criminal charges. (*See* Case No. 21-cr-20283, ECF No. 22.) The Court exercised its authority under 18 U.S.C. § 4241(d) to commit Mr. Wilson to the custody of the Attorney General so that he

could receive mental-health treatment and be evaluated for the potential to restore his capacity to understand the charges against him and assist in his own defense. (*See id.* at PageID.206–207.) Mr. Wilson remained hospitalized under § 4241(d) when Ms. Wilson filed this habeas petition on his behalf in July 2023.[1]

For the reasons that follow, Ms. Wilson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is summarily denied.

## I. BACKGROUND

On April 28, 2021, Ken Kenyatta Wilson was charged with bank robbery in violation of 18 U.S.C. § 2113(a); possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Case No. 21-cr-20283, ECF No. 1.)

Mr. Wilson's criminal case has not proceeded to trial because, under the provisions of the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241–4247, Mr. Wilson has been deemed incompetent to participate in his defense or understand the charges against him due to a mental disease or defect and has not yet been restored to sufficient competence.

[1] The Court apologizes for the delay in addressing Ms. Wilson's filing.

In June 2021, the parties to Mr. Wilson's criminal case filed a joint motion to obtain a psychiatric or psychological examination to determine Mr. Wilson's competency to stand trial. (*See* Case No. 21-cr-20283, ECF No. 12.) Magistrate Judge Grand held a competency hearing in December 2021, after which he issued a Report and Recommendation (R&R) under seal in which he recommended finding Mr. Wilson incompetent to stand trial under 18 U.S.C. § 4241(d). (*See* Case No. 21-cr-20283, ECF No. 21.)

The Court adopted the R&R in an order entered on February 18, 2022, concluding that, "[a]t present, [Mr.] Wilson is incompetent to stand trial with respect to the charges he is facing in this criminal action." (Case No. 21-cr-20283, ECF No. 22, PageID.206.) The Court ordered:

> [Mr.] Wilson is hereby COMMITTED to the custody of the Attorney General, who shall hospitalize [Mr.] Wilson for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," and for "an additional reasonable period of time until– (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier." 18 U.S.C. § 4241(d)(1), (2).

> IT IS FURTHER ORDERED that if, at the end of the time period specified, it is determined that [Mr.] Wilson's mental condition has not so improved as to permit the proceedings to go forward, [Mr.] Wilson shall be subject to the provisions of 18 U.S.C. §§ 4246 and 4284. 18 U.S.C. § 4241(d).

(*Id*. at PageID.206–207.)

In June 2022, the government moved to extend Mr. Wilson's period of confinement under 18 U.S.C. § 4241(d)(1). (*See* Case No. 21-cr-20283, ECF No. 28.) The government explained that it had not yet been able to secure a place for Mr. Wilson at a suitable medical facility. (*See id*. at PageID.231–232.) Following a status conference, the Court granted the government's motion and extended Mr. Wilson's commitment under § 4241(d) until October 18, 2022. (*See* Case No. 21-cr-20283, ECF No. 32.)

On October 4, 2022, the parties to Mr. Wilson's criminal case filed a joint status update in which they informed the Court that the Bureau of Prisons (BOP) expected that Mr. Wilson would be transferred to a specialized medical facility in November 2022. (*See* Case No. 21-cr-20283, ECF No. 34, PageID.262.) On October 13, 2022, the parties stipulated to further extend Mr. Wilson's commitment under § 4241(d) through February 18, 2023. (*See* Case No. 21-cr-20283, ECF No. 35, PageID.265.)

On February 27, 2023, the parties filed a joint status report that advised that Mr. Wilson was admitted to a BOP treatment facility on November 10, 2022. (*See* Case No. 21-cr-20283, ECF No. 36, PageID.269.)[2] The report further stated that, although BOP psychologists had not yet "completed a formal evaluation of [Mr.] Wilson's competency-related abilities," their preliminary assessment was that "[Mr.] Wilson presently appears incompetent to stand trial, as [Mr.] Wilson's symptom [sic] are unlikely to remit absent anti-psychotic medication, which [Mr.] Wilson continually refuses to take." (*Id.* at PageID.270.) Based on this submission, the Court ordered the government to direct the BOP to complete a formal evaluation of Mr. Wilson's competency no later than February 18, 2023. (Case No. 21-cr-20283, ECF No. 37.) On February 28, 2023, the parties submitted a stipulation in which they advised that the BOP had requested "an additional 120 days to provide care toward rehabilitation." (Case No. 21-cr-20283, ECF No. 38, PageID.277.) The stipulation stated that the

[2] The parties' joint status report did not provide the name or location of the BOP treatment facility to which Mr. Wilson was transferred in November 2022. However, a pro se filing by Mr. Wilson that Ms. Wilson attached to her § 2241 petition identifies his address as of March 2023 as the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. (*See* ECF No. 1, PageID.8.)

parties "agree and file this joint stipulation, committing [Mr.] Wilson to the custody of the Attorney General through June 18, 2023." (*Id.*) The stipulation was approved by the Court. (*See id.* at PageID.278.)

On June 2, 2023, the parties filed a joint status report in which they advised that, according to information that was provided to the government by a BOP representative, Mr. Wilson "remains cooperative with involuntary medication, yet continues to present as acutely psychotic." (Case No. 21-cr-20283, ECF No. 43, PageID.441.) On June 16, 2023, the parties stipulated and the Court agreed to extend the period in which Mr. Wilson would be committed to the custody of the Attorney General under § 4241(d) until October 18, 2023. (Case No. 21-cr-20283, ECF No. 44.)

Ms. Wilson filed this petition on July 28, 2023. (*See* ECF No. 1.)[3] The petition challenges the lawfulness of Mr. Wilson's detention and argues that his time in custody impermissibly exceeds the four-month period provided in the Court's order of February 18, 2022. (*See id.* at

---

[3] Although Ms. Wilson does not specify the statutory basis under which she is seeking habeas relief on behalf of Mr. Wilson, her petition appears to arise under 28 U.S.C. § 2241, which permits a court to grant a writ of habeas corpus if the person for whom the writ is sought is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

PageID.1–2.) The petition also argues that Mr. Wilson's continued detention violates his general right to a speedy trial. (*Id.* at PageID.2.) Ms. Wilson attached several of Mr. Wilson's pro se filings from his criminal case to her petition. (*See id.* at PageID.6–41.)

Proceedings regarding Mr. Wilson's competency to stand trial under § 4241(d) continued after Ms. Wilson filed her petition. On October 17, 2023, the government moved to further extend Mr. Wilson's commitment under § 4241(d) on the recommendation of his BOP psychologist. (Case No. 21-cr-20283, ECF No. 48.)[4] The motion was granted. (Case No. 21-cr-20283, ECF No. 49.) On January 31, 2024, the parties submitted a joint status report in which they advised that "[i]t is the BOP psychologist's opinion that [Mr.] Wilson has not been restored to competency and is no longer substantially likely to be restored in the foreseeable future." (Case No. 21-cr-20283, ECF No. 53, PageID.491.)

The Court held an in-person hearing regarding Mr. Wilson's competency on March 11, 2024, after which it entered an order that

[4] The motion advised that defense counsel was unwilling to stipulate to the extension "given that [Mr.] Wilson has indicated, in conversations with defense counsel and in his pro se filings, that he does not believe he should be detained." (*Id.* at PageID.473.)

concluded that Mr. Wilson's "mental condition has not so improved as to permit the proceedings to go forward, and there is no probability that [Mr.] Wilson will regain competence to allow the proceedings to go forward in the foreseeable future." (Case No. 21-cr-20283, ECF No. 58, PageID.503–504.) The Court ordered that Mr. Wilson would "forthwith be committed to the custody of the Attorney General or his authorized representative for further evaluation under 18 U.S.C. § 4246" for a "period not to exceed forty-five days." (*Id.* at PageID.504.) It further ordered that "if, under § 4246(a), the director of the facility where [Mr.] Wilson is hospitalized certifies that [Mr.] Wilson suffers from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, that certificate shall be filed in the district where [Mr.] Wilson is hospitalized." (*Id.* (citing 18 U.S.C. § 4246(a)).)

Consistent with the terms of 18 U.S.C. § 4246 and the Court's March 2024 order, the United States District Court for the Western District of Missouri (i.e., the district where Mr. Wilson is hospitalized) is now overseeing proceedings regarding whether his mental disease or defect creates a substantial risk to others should he be released. (*See*

*generally United States v. Wilson*, No. 24-cv-03125 (W.D. Mo.).) The most recent filing in the Missouri case is a June 30, 2026 "Report to the Court – Annual Psychological Report and State Placement Update." (*See* W.D. Mo. Case No. 24-cv-03125, ECF No. 20 (filed under seal).)

## II. LEGAL STANDARD

A federal district court is authorized to summarily deny and thus dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases;[5] *see also* 28 U.S.C. § 2243 (directing courts to

[5] Rule 1(a) of the federal Rules Governing Section 2254 Cases states that the rules set forth therein "govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 . . . ." R. 1(a) of Rules Governing § 2254 Cases. The § 2254 rules are made applicable to other habeas proceedings by Rule 1(b), which states that a district court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." R. 1(b) of Rules Governing § 2254 Cases.

issue a writ or order a response "unless it appears from the application that the applicant or person detained is not entitled" to a writ).

If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See* R. 4 of Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that a district court has the duty to "screen out" petitions that lack merit on their face); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (invoking authority under the Rules Governing Section 2254 Cases to summarily dismiss "facially insufficient" habeas petition brought under § 2241 and collecting instances in which courts have done the same).

## III. ANALYSIS

Ms. Wilson's petition for a writ of habeas corpus must be dismissed for at least two reasons. First, Ms. Wilson lacks standing to file a habeas petition on behalf of Mr. Wilson. Second, it is clear from the face of the petition that Mr. Wilson is not entitled to habeas relief.[6]

[6] The petition appears to suffer from an additional deficiency in that it was filed in the Eastern District of Michigan even though Mr. Wilson was confined in Springfield, Missouri. (*See* ECF No. 1, PageID.8; *see also* Case No. 21-cr-20283, ECF No. 58, PageID.502.) A "petition for habeas corpus under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian . . . ." *Taylor v.*

### A. Lack of Standing

Ms. Wilson lacks standing to file a petition under 28 U.S.C. § 2241 on Mr. Wilson's behalf.

An application for a writ of habeas corpus may be filed by one person on behalf of another. *See* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). "Next friend" status will not be granted automatically, however. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First,

---

*Morrison*, 14 F. App'x 380, 381 (6th Cir. 2001). The "custodian" for purposes of a habeas petition is "'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Under those general principles, it appears that Ms. Wilson should have filed her § 2241 petition in the Western District of Missouri. *See Owenby v. U.S. Att'y Gen.*, No. 20-cv-130, 2020 WL 3491193, at *1 (E.D. Tenn. June 26, 2020) (concluding that the Eastern District of Tennessee was not the proper venue for a § 2241 petition challenging a federal prisoner's pretrial confinement at a federal medical center in North Carolina). Because Ms. Wilson's petition can be summarily denied on other grounds, the Court elects to dismiss the petition rather than transferring it to the Western District of Missouri for consideration. *See Taylor*, 14 F. App'x at 381 (affirming district court's decision to dismiss a § 2241 petition on the merits rather than transferring it to the venue where the petitioner was then confined because transferring the petition "would merely result in the Eastern District of Arkansas being needlessly afflicted with a frivolous habeas petition and would not be in the interest of justice inasmuch as [the petitioner] was not entitled to relief under § 2241").

"a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Secondly, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* "It has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64 (citing *Davis v. Austin*, 492 F. Supp. 273, 275–76 (N.D. Ga. 1980)). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted).

Ms. Wilson does not carry her burden to establish the propriety of permitting her to pursue a habeas petition as Mr. Wilson's "next friend." As Mr. Wilson's sister, Ms. Wilson has a significant relationship with Mr. Wilson, and she has previously demonstrated an interest in Mr. Wilson's well-being in connection with his criminal case. (*See generally* Case No. 22-mc-50780, ECF No. 6.) This is not enough, however, to confer standing on Ms. Wilson to pursue relief on Mr. Wilson's behalf under § 2241. Although the Court found that Mr. Wilson's mental condition rendered him incompetent to stand trial on the criminal charges against him (*see*

*generally* Case No. 21-cr-20283, ECF Nos. 22, 44.), Ms. Wilson has not provided any explanation as to why Mr. Wilson "cannot appear on his own behalf" to pursue habeas relief.

Indeed, the record demonstrates that Mr. Wilson does not require Ms. Wilson's assistance to pursue relief on his own behalf. Mr. Wilson has been provided with court-appointed legal representation since the outset of his criminal case. (*See* Case No. 21-cr-20283, ECF No. 3.) After Mr. Wilson's initial attorney (Matt Savich) withdrew in July 2022 due to a breakdown in the attorney-client relationship (Case No. 21-cr-20283, ECF Nos. 31, 33), Linda Ashford was appointed and continues to serve as Mr. Wilson's counsel to this day. Further, just days before Ms. Wilson filed her petition on July 28, 2023 (ECF No. 1), Mr. Wilson (acting pro se) submitted a document titled "Motion Writ of Habeas Corpus 28 USC 2241 for Immediate Release from Illegal Custody" to the Court for filing. (*See* Case No. 21-cr-20283, ECF No. 46, PageID.465 (citing ECF No. 45, PageID.447).)[7] Like Ms. Wilson's petition, Mr. Wilson's pro se motion

---

[7] Mr. Wilson's pro se submission was received by the Court on July 18, 2023, stamped "filed" by the Clerk's Office on July 28, 2023, and docketed on August 10, 2023. (*See* Case No. 21-cr-20283, ECF No. 45, PageID.447 (under seal); ECF No. 46, PageID.465.) The filing was ultimately placed under seal on CM/ECF after the Court struck it from the record. (*See generally* Case No. 21-cr-20283, ECF No. 45.)

asked the Court to dismiss the charges against him on grounds that he was being deprived of his right to a speedy trial. (*See id.* (citing ECF No. 45, PageID.447).) The Court ultimately struck Mr. Wilson's § 2241 motion from the record in an order entered on September 12, 2023, explaining that Mr. Wilson had been appointed counsel and would not be allowed to "proceed in a hybrid manner." (*See id.* at PageID.465–466.)[8] Allowing Ms. Wilson to pursue a § 2241 petition that seeks the same relief sought by Mr. Wilson would constitute an end-run around the Court's determination that Mr. Wilson should not be permitted to file pro se motions while he is represented by counsel. (*See* Case No. 21-cr-20283, ECF No. 27, PageID.225–226.)

Finally, Ms. Wilson filed the petition pro se and has provided no indication that she is authorized to practice law before this Court. "Absent a showing of exceptional circumstances," a putative next friend who is not herself a lawyer may not pursue habeas relief pro se on behalf

---

[8] Despite being represented by counsel, Mr. Wilson has filed several pro se motions and other documents with the Court. (*See* Case No. 21-cr-20283, ECF Nos. 25, 26, 39, 40, 41, 45, 51, 59.) The Court struck these filings from the record, exercising its discretion to prohibit a "hybrid" representation arrangement where Mr. Wilson "both represent[s] himself and [is] represented by counsel." (Case No. 21-cr-20283, ECF No. 27; *see also id.*, ECF Nos. 42, 46, 52, 60.)

of someone else. *Germain v. Larson*, No. 13-12904, 2013 WL 4029093, at *3 (E.D. Mich. Aug. 8, 2013) (quoting *Herrera v. Redman*, 869 F.2d 1490, at *1 (6th Cir. 1989) (table decision))*; see also Carpenter ex rel. Jones v. United States*, No. 05-cv-2828, 2006 WL 474895, at *3 (N.D. Ohio Feb. 27, 2006) (citing *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978)).[9] Given the other deficiencies noted in this opinion, the Court finds it unnecessary to allow Ms. Wilson an opportunity to cure this deficiency by either retaining counsel or showing that extraordinary circumstances justify allowing her proceed in this case without an attorney.

In sum, the § 2241 petition will be dismissed because Ms. Wilson lacks standing to pursue federal habeas relief on Mr. Wilson's behalf.

**B. No Basis for Relief**

Putting aside the standing issues addressed above, the § 2241 petition can be summarily denied on its own merits.

---

[9] The Sixth Circuit generally bars pro se litigants from representing the interests of others. "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (affirming dismissal of a § 1983 action based on the plaintiffs' failure to obtain counsel); *see also Carre v. Nutton*, No. 25-cv-11628, 2025 WL 2166009, at *1 (E.D. Mich. July 30, 2025) (citing *Shepherd* for the proposition that "a non-lawyer cannot serve as a next friend unless she, herself, has a lawyer").

The chief complaint raised by the petition is that Mr. Wilson remained in the Attorney General's custody for more than four months following the Court's order of February 18, 2022. (*See* ECF No. 1, PageID.1–2.) This argument does not provide a cognizable basis for relief. Although Ms. Wilson is correct that the Court initially committed Mr. Wilson to the Attorney General's custody for a period "not to exceed four months" (*see* Case No. 21-cr-20283, ECF No. 22, PageID.206–207), the Court later found good cause to extend Mr. Wilson's commitment based on, among other things, the time it took for a spot to become available at a suitable BOP medical facility and information that it received from the parties regarding Mr. Wilson's treatment. (*See generally id.*, ECF Nos. 32, 35, 38, 44.) Such extensions are contemplated by § 4241(d)(2), which permits federal prisoners to be hospitalized "for an additional reasonable period of time" after the initial four-month period permitted by § 4241(d)(1). *See* 18 U.S.C. § 4241(d)(2). Notably, the Court extended Mr. Wilson's commitment in October 2022, February 2023, and June 2023 after the parties agreed and stipulated to extend the commitment period. (*See* Case No. 21-cr-20283, ECF Nos. 35, 38, 44.)

Ms. Wilson's petition is also subject to summary denial to the extent she asserts that Mr. Wilson's pre-trial confinement and/or hospitalization violated his general constitutional or statutory right to a speedy trial. Ms. Wilson cites *Barker v. Wingo*, 407 U.S. 514 (1972) and *United States v. Dellinger*, 980 F. Supp. 2d 806 (E.D. Mich. 2013) to support this argument. Contrary to Ms. Wilson's claim that *Barker v. Wingo* sets forth a "180 day rule" (ECF No. 1, PageID.2), the case in fact establishes no firm deadline by which a trial must be held and instead explains that determining whether the right to a speedy trial has been violated depends on a consideration of all of the circumstances. *See* 407 U.S. at 530–33. *United States v. Dellinger* is also not helpful, as the Court addressed how the federal Speedy Trial Act (18 U.S.C. § 3161) should be applied when the U.S. Marshals Service inexplicably delayed transporting a prisoner to a treatment facility where he could be treated and evaluated under § 4241. *See* 980 F. Supp. 2d at 810–17. Ms. Wilson does not explain how that decision supports granting her petition, and the Court does not view it as relevant here.[10]

[10] Ms. Wilson's petition is also not aided by the proceedings she cites regarding a habeas petition that Mr. Wilson previously filed in Ohio. (*See* ECF No. 1, PageID.2 (citing "*Ken Kenyatta Wilson v. United States*, Case No. 12-cv-2921, Judge

Furthermore, even if Ms. Wilson's petition raised a viable claim based on Mr. Wilson's right to a speedy trial, "[a] habeas petition brought pursuant to 28 U.S.C. § 2241 is an inappropriate remedy for a federal pretrial detainee to allege that he is being held in custody in violation of his right to a speedy trial or other constitutional trial rights." *Berry v. U.S. Att'y Gen.*, No. 19-CV-10155, 2019 WL 8349007, at *1 (E.D. Mich. Mar. 14, 2019); *see also Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, at *1 (E.D. Mich. Nov. 10, 2005) (citing *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001)). "[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Hargrove*, 2005 WL 3021966, at *1 (quoting *Kotmair*, 143 F. Supp. 2d at 534). To the extent Ms. Wilson is seeking to have the charges against Mr. Wilson dismissed "on the ground that his right to speedy trial has been violated," the "appropriate remedy would be [for

Christopher A. Boyko").) The court in that case determined that Mr. Wilson "was provided all the due process to which he was entitled in advance of the [c]ourt ordering his continued detention" under § 4241(d). *See Wilson v. United States*, No. 12-cv-2921, 2013 WL 3187225, at *3–4 (N.D. Ohio June 20, 2013).

Mr. Wilson] to file a pre-trial motion" through counsel for this Court to consider. *Id.* (citing *Kotmair*, 143 F. Supp. 2d at 534).

Finally, Ms. Wilson filed her habeas petition while Mr. Wilson remained under treatment and evaluation to determine whether his mental capacity could be restored under 18 U.S.C. § 4241(d). Courts have rejected similar attempts to use federal habeas petitions to challenge Court-ordered proceedings to determine a criminal defendant's capacity to face charges. *See, e.g.*, *Burmaster v. Holland*, 691 F. App'x 795 (4th Cir. 2017) (Mem.) (affirming dismissal of § 2241 petition because the petitioner had not "exhausted available remedies through the [ongoing § 4241] commitment proceedings"); *Johnson v. Fed. Med. Ctr. Devens*, No. 1:26-CV-12975-JEK, 2026 WL 2546255, at *1 (D. Mass. Aug. 28, 2026) (rejecting challenge to "basis for . . . pretrial detention, including the finding that [the prisoner] was incompetent to stand trial," finding the request for relief "premature" until the conclusion of statutory incompetency proceedings under § 4241).[11]

[11] The Insanity Defense Reform Act specifies that "[n]othing contained in section 4243, 4246, or 4248 [of the Act] precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention." 18 U.S.C. § 4247(g). This provision omits proceedings under § 4241 from the list of forms of commitment that may be challenged through habeas petitions.

In sum, it is clear from the face of Ms. Wilson's petition that Mr. Wilson is not entitled to a writ of habeas corpus under § 2241. The Court therefore summarily denies Ms. Wilson's petition.

## IV. CONCLUSION

The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (ECF No. 1) is summarily DENIED.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Ms. Wilson need not apply for such a certificate before filing an appeal from the denial of the habeas petition that she filed on behalf of Ken Kenyatta Wilson. But the Court denies Ms. Wilson leave to appeal *in forma pauperis* because any appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: September 29, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager